# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 5, 2016

Plaintiff-Appellee,

v

No. 324993
Wayne Circuit Court
LC No. 14-006051-FC

CURTIS DICKERSON,

Defendant-Appellant.

Before: O'CONNELL, P.J., and MARKEY and O'BRIEN, JJ.

O'CONNELL, P.J. (*concurring in part and dissenting in part*).

Defendant appeals as of right his convictions, following a jury trial, of kidnapping, MCL 750.349(1)(c), felonious assault, MCL 750.82, felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b. He was acquitted of three counts of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(c) and (e). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to serve concurrent prison terms of 12 years to 337 months for his kidnapping conviction, two to four years' imprisonment for his felonious assault conviction, two to five years' imprisonment for his felon in possession conviction, and consecutive term of two years' imprisonment for his felony firearm conviction. While I agree with much of the majority's well-reasoned opinion, I would remand for the trial court to resolve defendant's challenge under *Batson v Kentucky*, 476 US 79, 86-89; 106 S Ct 1712; 90 L Ed 2d 69 (1986).

## I. FACTUAL BACKGROUND

Defendant's convictions arise out of an incident that took place in defendant's home in July 2014. Two women visited defendant's home, an upper-level unit in a duplex. The evening was seemingly uneventful until the women decided to leave defendant's home. After calling a friend for a ride, the two women found the door on the home locked. When they asked defendant to unlock the door, defendant began "flipping out," grabbed a gun, and fired several gunshots off the "top porch" of the home. Defendant then slapped one of the women, took her into a separate, locked room, and allegedly sexually assaulted her. Afterward, defendant unlocked the door and agreed to let the women leave. Defendant was charged, convicted, and sentenced as described above. This appeal followed.

## II. *BATSON* ANALYSIS

-1-

On appeal, defendant argues that the trial court erred by denying his objection to the prosecution's use of peremptory challenges to strike African American prospective jurors during jury selection. In part, I agree that the trial court used the wrong analysis to determine if a Batson error occurred. The remedy for this process error is to remand the present case to the trial court. On remand I would direct the trial court to use the process set forth below.

The Equal Protection Clause of the Fourteenth Amendment prohibits a party from using a peremptory challenge to remove a prospective juror solely on the basis of race. *People v Knight*, 473 Mich 324, 335; 701 NW2d 715 (2005). When a defendant alleges that the prosecution has improperly excluded a prospective juror on the basis of race, the trial court must engage in a three-step analysis to determine whether the defendant has shown a case of unlawful discrimination. *Batson*, 476 US at 96-98. First, the defendant must make a prima facie showing that (1) he or she is a member of a racial group, (2) the prosecution has used a peremptory challenge to exclude a member of that group from the jury pool, and (3) the circumstances raise an inference that the exclusion was based on the prospective juror's race. *Id*. at 96. Second, if the trial court determines that the defendant made a prima facie showing, the prosecution must "articulate a race-neutral explanation for the strike." *Id*. at 97. Third, the trial court must determine whether the race-neutral explanation is a pretext and the defendant has proved purposeful discrimination. *Id*. at 98.

When reviewing the trial court's decisions, we review for clear error its factual findings and review de novo its legal determinations. *Knight*, 473 Mich at 338. Whether the defendant has articulated a prima facie case is a mixed question of law and fact. *Id*. at 342. "A trial judge must first find the facts and then must decide whether those facts constitute a prima facie case of discrimination under *Batson* and its progeny." *Id*.

In this case, defense counsel raised a *Batson* challenge as follows:

> *Ms. Michon:* Your Honor, for the record, the Defense is making a *Batson* objection of the, *I count six, peremptory challenges by the People, five of them African American individuals*, all city dwellers, which means . . . [i]n my opinion, they're kicking people off who are going to look like, sound like and live where the complaining witness lives. And *I appreciate the Court's position that there are still African American people on the panel and in the veneer* [sic: venire] that does not fix a *Batson* challenge. *They need to express a race-neutral reason* why they keep kicking younger, African American city people.

> *The Court:* Yeah, but you have to have a facially valid challenge, and . . . when you first came up, you said it was young African Americans. I don't . . . know what we're using for young, but . . . . [Emphasis added.]

After the prosecution articulated reasons for dismissing the jurors, the trial court focused on the ages of the jurors and found that defendant did not set forth a prima facie showing:

> *The Court:* . . . . I don't think it rises to the point where you guys have to justify giving a reason, because I don't think there is a facially valid *Batson* challenge here.

I conclude that the trial court erred by finding that defendant had not articulated a prima facie case. Regardless of the ages of the jurors, defendant contended that the prosecution was deliberately striking *African American* jurors: the defendant specifically referenced the fact that six of seven of the prosecution's peremptory challenges excused *African American* jurors and asked the prosecution to provide a *race-neutral* reason. The first two components of such a showing are not at issue—defendant is African American, and the prosecution used peremptory challenges to exclude African American jurors from the jury pool. The defendant may show a prima facie case by showing "a 'pattern' of strikes against" members of a particular race in the venire. *Batson*, 476 US at 97. The trial court made no factual findings regarding the composition of the struck jurors against the composition of the venire.[1] It simply failed to address whether the prosecution's pattern led to an inference of discrimination. It instead determined that the jurors were not of a particular age group, which was not the basis of defense counsel's challenge. It was a legal error to fail to address defendant's race-based argument.

I concur with the balance of the majority opinion's analysis. However, I would not affirm defendant's convictions. I would remand for further proceedings on defendant's *Batson* challenge for the trial court to complete steps two and three of that analysis—i.e., for the trial court to determine whether the circumstances led to an inference of discrimination on the basis of the prosecution's strikes of minority jurors and, if so, for prosecution to articulate its racially neutral reasons and the trial court to make findings on the sufficiency of those reasons.

/s/ Peter D. O'Connell

---

[1] Whether the fact that the six of the prosecutor's seven strikes were against African American jurors leads to an inference of discrimination depends on the percentage of African Americans in the venire, a question to which we have no answer because the trial court failed to make necessary factual findings. For instance, if 18 of the 19 seated jurors were African American, using 83% of the prosecution's challenges to exclude African American jurors may not be discriminatory; but if there are only three African American jurors in the venire, striking all of them may be so regardless of what percentage of the prosecutor's strikes are used. See *Johnson v California*, 545 US 162, 169; 125 S Ct 2410; 162 L Ed 2d 129 (2005) (considering the percentage of minority jurors struck against the percentage of minority jurors in the venire).